UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Chris D. Ames, ) | CASE NO. 1:07 CV 1403 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| vs. ) | |
| ) | |
| Michael J. Astrue, ) | **Memorandum of Opinion and Order** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **INTRODUCTION**

This matter is before the Court upon the Revised Report and Recommendation of Magistrate Judge James S. Gallas (Doc. 25) recommending that the decision of the Commissioner be reversed and the matter remanded. For the reasons that follow, the Report and Recommendation is ACCEPTED.

## **FACTS**

Plaintiff, Chris D. Ames, filed this lawsuit seeking review of the Commissioner's decision denying plaintiff period of disability and disability insurance benefits. The Commissioner concluded that, although plaintiff was disabled from August 16, 2001, through

1

January 1, 2005, a medical improvement occurred such that plaintiff was no longer disabled as of January 2, 2005.

Plaintiff suffered a work-related injury, which required extensive shoulder and back surgeries. Plaintiff's treating physician, Dr. Choi, opined that plaintiff was "disabled." In addition, the Commissioner requested a consultative examination be performed. Dr. Sagahfi, the consultative physician, concluded that plaintiff was limited in his ability to lift, stand, sit and push/pull. He also concluded, however, that plaintiff had "essentially normal motor strength." Dr. Saghafi, however, did not provide any written narrative explaining his conclusions. At the hearing in this matter, a non-treating expert testified that plaintiff was no longer disabled as of January 2, 2005 because that period of time was sufficient to recover from his injuries and no medical evidence supported a longer recovery period. The Commissioner relied on the opinion of the non-treating expert and rejected Dr. Saghafi's opinion because his findings were not accompanied by a written explanation. Therefore, there was "no clarification regarding the examination findings of essentially normal motor strength" and the restrictions imposed by Dr. Saghafi. In addition, the Commissioner rejected Dr. Choi's opinion because prior to the most recent office visit, Dr. Choi had never indicated plaintiff was "disabled." Rather, Dr. Choi either left that part of the form blank or indicated that plaintiff was not working. According to the Commissioner, Dr. Choi did not explain his selection and nothing in the forms reflects an analysis of plaintiff's ability to engage in work.

In sum, the Commissioner assigned "less weight" to the opinion of Dr. Saghafi and "little weight" to the opinion of Dr. Choi. Rather, the Commissioner concluded that the testimony from the non-treating expert was entitled to "full weight."

The Magistrate Judge concluded that the Commissioner erred by rejecting the opinion of Dr. Sagahfi, the consultative expert.  According tot he Magistrate Judge, the opinion provided was "incomplete" and, pursuant to the applicable regulations, the Commissioner was required to contact Dr. Sagahfi in order to clarify the ambiguity between his physical findings and conclusions.

The government objects to the Report and Recommendation.  According to the government, the regulations do not require the Commissioner to recontact Dr. Sagahfi.

**STANDARD OF REVIEW**

When objections are made to a Magistrate Judge's Report and Recommendation, the district court reviews the case *de novo*.  Federal Rule of Civil Procedure 72(b) provides in pertinent part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies that the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." citing *United States v. Raddatz*, 447 U.S. 667 (1980).

**ANALYSIS**

The government objects to the Magistrate Judge's conclusion that the Commissioner was required to recontact Dr. Sagahfi.  According to the government, the Commissioner's decision

was supported by substantial evidence.

Pursuant to 29 CFR § 404.1517, the Commissioner may order a consultative examination to be performed at the government's cost. The report of the consultative examination is to include the following,

- the claimant's chief complaints;

- a detailed description of the history of the major complaint;

- a description and disposition of the "positive" and "negative" findings based on the description, history and laboratory tests;

- the results of laboratory and other tests;

- the diagnosis and prognosis for the impairment;

- a statement about what the claimant can still do despite the impairment; and

- an explanation or comment on the claimant's major complaints and any other abnormalities found during the history, examination and laboratory tests.

20 C.F.R. § 404.1519n(c)(1)-(7).

Regulation 20 C.F.R. § 404.1519p, directs that the Commissioner will review the report of the consultative examiner to ascertain whether the report,

- provides evidence to assist in the decisionmaking regarding the impairment it assesses;

- *is internally consistent*, all impairments are adequately assessed, and the conclusions correlate the findings from the medical history, examination and tests and explain all abnormalities;

- is consistent with the other information available to the Commissioner;

- is adequate with regard to standards set out in the course of a medical education; and

- is properly signed

In the event the report is "inadequate or incomplete, [the Commissioner] will contact the medical source who performed the consultative examination...and ask that the medical source furnish the missing information or prepare a revised report." 20 C.F.R. § 404.1519p.

The government argues that the report is not "inadequate or incomplete" because 20 C.F.R. § 404.1519n(c)(1)-(7) expressly provides that a report is not incomplete if it is lacking "a statement about what you can still do despite your impairment." See, 20 C.F.R. § 404.1519n(c)(6). As such, the Commissioner properly rejected the consultative examiner's report and was not required to recontact him and request a revised report.

Although the government's statement is correct, the report actually *contains* a statement about plaintiff's abilities to sit, stand, reach and the like despite his impairment. The problem, however, is that the report does not contain "an explanation or comment on" plaintiff's major complaints as required by 20 C.F.R. § 404.1519n(c)(7). The Commissioner rejected the report because the examination findings were inconsistent with the restrictions and *no explanation* was provided. Yet, in relying on the testifying expert, the Commissioner accepted Dr. Sagahfi's findings, apparently presuming that the examination findings were correct and that the limitations must be erroneous.[1] At a minimum, the Court finds that the report is "inadequate" because, according to the Commissioner, it is internally inconsistent in that the findings do not medically correlate to the limitations. The Court notes that this examination was paid for by the government in order to assist the Commissioner in making a disability determination. While the

---

[1] The Commissioner accepted the testifying expert's conclusions that the recovery period was sufficient. The expert, in turn, accepted Dr. Sagahfi's finding regarding plaintiff's "range of motion" as support for his conclusion regarding the adequacy of the recovery period.

5

Court acknowledges that the Commissioner is not required to accept the opinions of the treating physicians, the Commissioner is required to follow through and obtain complete consultative reports so that the money the government spends on these examinations actually is useful to the disability determination.  The Court finds that, pursuant to regulations 20 C.F.R. § 404.1519n(c)(7) and 20 C.F.R. § 404.1519p, the Commissioner must recontact the consultative examiner in order to obtain "an explanation or comment on" plaintiff's major complaints.  The Court notes that the Commissioner is not required to accept Dr. Sagahfi's "explanation" of his findings and limitations, but the regulations do not permit the Commissioner to reject them simply because Dr. Sagahfi failed to provide an explanation.  Accordingly, the government's objection is not well-taken.

### **CONCLUSION**

For the foregoing reasons, the Revised Report of and Recommendation of Magistrate Judge James S. Gallas is ACCEPTED.  This case is REMANDED to the Commissioner of Social Security for further consideration consistent with this opinion.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/22/09