UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS D. AMES, | ) | Case No. 1:07-CV-1403 |
| | ) | |
| Plaintiff, | ) | Judge Patricia Gaughan |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | (Resolving Docket No.30) |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Plaintiff, Chris D. Ames, seeks an award of $2,212.50 for attorney fees and expenses under the Equal Access to Justice Act (EAJA, 28 U.S.C. §2412(c) and (d)).   This matter has been referred to the undersigned for a report and recommendation. (Docket #31).

The Court ordered the reversal of the Commissioner's denial of benefits and remand of this case for reconsideration pursuant to the fourth sentence of 42 U.S.C. §405(g).   Under these circumstances, Mr. Ames did prevail.  *See  Shalala v. Schaefer*, 509 U.S. 292 (1993).   The Commissioner does not challenge Mr. Ames's status as a prevailing party or the timeliness of the fee application.  The Commissioner does not argue that there are special circumstances that made the award unjust.  *See Marshall v. Commissioner of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006). Instead, the Commissioner of Social Security requests that the Court deny Mr. Ames's request because the Commissioner's position was substantially justified and/or the fees awarded should be reduced as set forth in its brief in opposition. (Docket #32).

Analysis of this issue begins with the EAJA itself:

. . . Whether or not the position of the United States was <u>substantially justified</u> shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil

2

       action is based) which is made in the civil action for which fees and other expenses are sought.  (emphasis added).

28 U.S.C. § 24l2(d)(l)(B).

       The burden of establishing that the position of the United States was substantially justified is on the agency.  See *Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Pierce v. Underwood*, 487 U.S. 565, 567 (1988). When the government can demonstrate that its case had a reasonable basis both in law and fact, no award will be made.  *Wyandotte Savings Bank v. N.L.R.B.*, 682 F.2d ll9, l20 (6th Cir. l982); *Trident Marine Const., Inc. v. District Engineer of U.S. Army Corps of Engineers*, 766 F.2d 974, 980 (6th Cir. l985); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989).  "Indeed, 'Congress did not . . . want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . .'" *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004), *quoting Scarborough v. Principi*, 541 U.S. at 415.  As expressed by the Supreme Court, "the proper standard in EAJA cases is whether the Government's position was justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich*, 868 F.2d at 869, *citing Pierce*, 487 U.S. at 565; *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).  "To be 'substantially justified' means . . . more than merely undeserving of sanctions for frivolousness." *Pierce*, at 565-66; *Commissioner, INS v. Jean*, 496 U.S. 154, 158 n.6 (1990).  In this analysis, the district court must examine "both the underlying and litigation position." *Delta Engineering v. U.S.*, 41 F.3d 259, 262 (6th Cir. 1994).  Where the administrative law judge has engaged in selective consideration of the evidence in denying benefits, the Commissioner's decision to defend the administrative decision in court is without substantial justification. *Howard*, 376 F.3d at 554; *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995).

3

The primary basis upon which the Court remanded this case was the Commissioner's failure to re-contact a consulting examiner (Dr. Sagahfi) "in order to obtain 'an explanation or comment on' plaintiff's major complaints *** [when] the examination findings were inconsistent with the restrictions and no explanation was provided." (Docket #28 at 5-6, *quoting* 29CFR §404.1517). The Commissioner argues that full EAJA fees are not warranted "because of the special circumstances of this case and because the government's position was substantially justified." (Docket #32 at 2).

The Commissioner denied benefits after considering three medical opinions. (Docket #28 at 2). The Commissioner considered, but gave little weight, to the opinion of Dr. Choi, who opined that Mr. Ames was disabled despite never having previously given this opinion. The Commissioner considered, but gave less weight, to the opinion of Dr. Saghafi because it was inconsistent. Finally, the Commissioner considered and gave full weight to the opinion of a non-treating expert that Mr. Ames was no longer disabled. *Id.* The Court did not find that the weight the Commissioner gave to the opinions of the non-treating expert and Dr. Choi erroneous. Thus, if the Commissioner had properly asked Dr. Saghafi to explain how Mr. Ames was limited in his ability to lift, stand, sit, and push/pull, but still had normal motor strength, and Dr. Saghafi's explanation weighed in favor of Mr. Ames being disabled, the weight of the evidence would have likely led to a disability finding. However, if Dr. Saghafi's explanation did not support a disability finding, the weight of the evidence would have supported the Commissioner's finding.   The Court has already determined that the Commissioner was required to contact Dr. Saghafi for an explanation of his findings.  Accordingly, Dr. Saghafi's explanation was critical to an accurate finding.  Moreover, the Commissioner's finding is not substantially justified because it primarily relied upon the opinion of a non-treating physician without further delving into the opinions of the treating and consulting examiner.

4

The Commissioner next argues that even if fees are awarded, they should be reduced to reflect the time Mr. Ames's counsel "spent correcting his own significant filing error." The Commissioner argues that counsel should not be paid fees for the filing of a "motion for leave to file complete fact sheet and statement of errors," Docket No. 19. (Docket #32 at 1, 4). According to the Commissioner, the filing was needed because Mr. Ames's counsel "originally filed only the first three pages of his intended fact sheet and argument." (*Id.* at 1). Docket #19, a single page motion, seeks leave of the court to submit a complete fact sheet and statement of errors "[d]ue to a computer error in converting Plaintiff's Fact Sheet from Microsoft Word format to Adobe Acrobat portable document format for electronic filing." (Docket #19). Counsel's motion explains that "the Fact Sheet was truncated after only three pages was filed" and counsel did not immediately realize the error. *Id.* Mr. Ames's counsel billed 1.0 hour for this motion. The Court agrees that the time expended for this motion was unnecessary. Accordingly, a reduction of one hour, or $125.00, is warranted.

Based on the foregoing, it is recommended that Mr. Ames's motion for attorney fees under the Equal Access to Justice Act be granted and Mr. Ames be awarded $2,087.50 pursuant to 28 U.S.C. §2412. As this award was assigned by Mr. Ames to Attorney John S. Regas, payment should be made to Attorney Regas.

IT IS SO ORDERED.



James S. Gallas
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

5

Dated: August 17, 2009